UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MALYA SCHLESINGER,

                      Plaintiff,

-against-

SHABSIS PHARMACY, INC. d/b/a
RAFIEH PHARMACY; JUDY BRODY, an
individual; and B&H FOTO & ELECTRONICS
CORP., in its capacity as Plan Administrator for
the B&H Foto & Electronics Corp. Health and
Welfare Plan,

                      Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-5494 (DLI) (SJB)

**DORA L. IRIZARRY, United States District Judge:**

On March 31, 2014, Plaintiff Malya Schlesinger ("Plaintiff" or "Schlesinger") was injured in a slip and fall accident at Shabsis Pharmacy, d/b/a Rafieh Pharmacy, in Brooklyn, New York. Pl.'s Mot. for Rem., Dkt. Entry No. 6, ¶ 3. Thereafter, she commenced a personal injury action in the Supreme Court of the State of New York, Kings County, entitled *Malya Schlesinger v. Shabsis Pharmacy, Inc., d/b/a Rafieh Pharmacy and Judy Brody*, Index No. 7694/2014 (the "State Court Action"). Summons and Compl., Def. Mem. in Opp. Ex. A, Dkt. Entry No. 7-1. At the time of the slip and fall accident, Plaintiff was a participant in the B&H Foto & Electronics Corp. Health and Welfare Plan (the "B&H Plan"). Def. Mem. in Opp. at 1.

On October 1, 2018, B&H Foto & Electronics Corp. ("B&H"), which is not a defendant in the State Court Action, timely filed a notice to remove this action to this Court from the state court on the basis of federal question jurisdiction, arguing that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Notice of Removal, Dkt. Entry No. 1. Regarding consent to removal from the defendants in the State

Court Action, B&H stated that "[t]he Personal Injury Defendants are not parties to the instant declaratory judgment and their consent to removal is not, therefore, required." *Id.* ¶ 17.

Schlesinger moved to remand this action to state court, arguing her claims are not preempted by ERISA, and, thus, there is no basis for federal jurisdiction. Pl.'s Mot. for Remand, Dkt. Entry No. 6. B&H opposed the motion. Def. Mem. in Opp., Dkt. Entry No. 7. Schlesinger replied. Dkt. Entry No. 8.

For the reasons set forth below, the Court finds that, while B&H had standing to remove this action, Plaintiff's claims are not preempted by ERISA and this Court lacks subject matter jurisdiction over this matter. Accordingly, Plaintiff's remand motion is granted.

## BACKGROUND

Following the slip and fall accident, the B&H Plan, in which Plaintiff was a participant, paid $73,425.80 in accident related medical benefits on Plaintiff's behalf from 2014-2018. Def. Mem. in Opp. at 1. On or about June 28, 2018, Plaintiff settled her State Court Action claims for $350,000. Pl.'s Mot. for Rem., ¶ 8; Def. Mem. in Opp. at 2.

Following the settlement, the B&H Plan asserted that it was entitled to a lien on Schlesinger's tort settlement proceeds in the amount of medical benefits it paid. Def. Mem. in Opp. at 2. Schlesinger's moving papers allege the amount of the lien is $72,158.85. Pl.'s Mot. for Rem., ¶¶ 9, 29. On September 18, 2018, Plaintiff filed an Order to Show Cause ("OSC") and Petition in the State Court Action ("Petition") seeking: 1) to add "Optum" and "UnitedHealth Care, Inc." as additional defendants; and 2) a declaratory judgment "abrogating and nullifying" the lien on her settlement proceeds. OSC and Pet., Notice of Removal Ex. A, Dkt. Entry No. 1-2. Neither the OSC nor the Petition sought to add B&H as a defendant to the State Court Action. Plaintiff argued that liens on her settlement proceeds are prohibited by New York General Obligations Law

("NY GOL") § 5-335, because "[t]he subrogation and reimbursements for medical expenses for health insurers are not permitted in the State of New York, by GOL 5-335." *Id.* ¶ 13. One week later, the State court issued the OSC. *Id.* at pp. 1-2.

On October 1, 2018, B&H removed this action to this Court contending that "Schlesinger's claim is properly characterized . . . as a cause of action by a plan participant to enforce her rights under the terms of the plan pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA, and as such, gives rise to federal question jurisdiction." *See*, Notice of Removal, ¶ 12 (quotation marks and citations omitted); *See generally*, Def. Mem. in Opp. Plaintiff seeks remand countering that her claims are not preempted by ERISA and, thus, there is no basis for federal question jurisdiction. As an initial matter, since B&H is not a defendant in the State Court Action, at issue is whether B&H could have removed the State Court Action at all. B&H contends it is the real party defendant in interest and, therefore, is entitled to remove this action to federal court. *See*, Def. Mem. in Opp. at 5-7.

## DISCUSSION

### I.   Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court" within which the state action is pending. 28 U.S.C. § 1441(a). Among such civil actions are federal question cases, defined as "civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. To determine whether federal question jurisdiction exists, federal courts look to the face of the plaintiff's "well-pleaded complaint." *Marcella v. Capital Dist. Phys.' Health Plan, Inc.*, 293 F.3d 42, 45 (2d Cir. 2002).

Where, as here, a party challenges the removal of an action from State Court to federal court, the defendant or defendants who sought removal bear the burden of establishing that

3

removal was proper.  *See*, *California Pub. Employees' Retirement Sys. v. WorldCom Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).  Removal may be effectuated by a defendant who is a "real party defendant in interest," even if that defendant was not named as a defendant in the state court action.  *La Russo v. St. George's Univ. Sch. of Medicine*, 747 F.3d 90, 96-97 (2d Cir. 2014) ("the concept of a 'real party defendant in interest' is not only entirely valid, it is an important aspect of removal jurisprudence[.]").

Notably, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability."  *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (superseded on other grounds) (citing *Shamrock Oil & Gas Corp. v. Sheets et al*, 313 U.S. 100, 108 (1941)).  Generally, defenses based on federal law do not support removal to a federal court.  *Gully v. First Nat'l Bank*, 299 U.S. 109, 114 (1936).  However, one widely recognized exception to this rule is complete preemption or the concept that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  Claims brought pursuant to ERISA's civil enforcement provisions are preempted completely, subjecting them to federal jurisdiction.  *See*, *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (holding ERISA "completely preempts any state-law cause of action that duplicates, supplements, or supplants its civil enforcement scheme") (internal quotation marks and citation omitted).

However, NY GOL § 5-335(a) provides that a personal injury settlement presumptively "does not include any compensation for the cost of health care services" or other losses that "have been or are obligated to be paid or reimbursed by an insurer."  It further provides that no one who

4

enters into a personal injury settlement "shall be subject to a subrogation claim or claim for reimbursement by an insurer[.]" *Id.* Significantly, § 5-335(a) specifies that an insurer has "no lien or right of subrogation or reimbursement" against anyone who enters into a personal injury settlement, or any other party to such a settlement, "with respect to those losses[.]"

**II.      Analysis**

It is undisputed that, B&H was not named as a defendant in the State Court Action. As such, a threshold issue here is whether B&H has standing to remove the action to federal court. *See*, 28 U.S.C. § 1441(a) (limiting removal to "the defendant or the defendants" in an action). When Schlesinger filed the Petition and OSC in the State Court Action, she sought to add Optum and UnitedHealth Care, Inc. as defendants. However, she did not seek to add B&H as a defendant. In addition, she sought a declaratory judgment abrogating and nullifying the lien on her settlement proceeds. B&H has asserted such a lien on her settlement proceeds. Therefore, the state court's determination of the validity of the lien would impact B&H's ability to assert or recover proceeds under the lien. Consequently, for the purposes of removal, B&H is a real party defendant in interest, even though it was not named as a defendant in the State Court Action. Thus, B&H had standing to remove this action.

B&H recharacterizes Plaintiff's claims as brought pursuant to ERISA's civil enforcement provision, which would be preempted completely. Def. Mem. in Opp. at 7-11. Plaintiff contends that the relief she seeks is not governed by ERISA, but rather is governed by state contract law and the remedial provisions of NY GOL § 5-335. Pl.'s Mot. for Rem., ¶ 24. Plaintiff sought a declaratory judgment in the State Court that B&H's lien on her settlement proceeds is unlawful pursuant to NY GOL § 5-335. OSC and Pet., ¶ 13. The Second Circuit has held that these types of claims are not preempted completely by ERISA, and, therefore, do not give rise to federal

5

jurisdiction necessarily.  *See*, *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 236 (2d Cir. 2014).  In *Wurtz*, as here, the plaintiffs brought claims under NY GOL § 5-335 to prevent an insurer from obtaining reimbursement from tort settlement proceeds.  *Id.* at 236-37.  Applying the two-prong test established by *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) for determining whether a claim is preempted completely by ERISA § 502(a)(1)(B), the Second Circuit found that the claims did not satisfy either prong of the *Davila* test, and, thus, were not preempted completely. *Id.* at 241-43.

Under *Davila*, "claims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'"  *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011) (footnote omitted) (quoting *Davila*, 542 U.S. at 210).  State law claims are preempted completely only if both parts of this test are satisfied.  *Id.*

In applying the first prong of *Davila* to plaintiffs' claims in *Wurtz*, the Second Circuit found that they could not be construed as colorable claims for benefits under § 502(a)(1)(B) of ERISA. *Wurtz*, 761 F.3d at 242.  ERISA § 502(a)(1)(B) allows a plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  The Second Circuit found that the plaintiffs' claims, which sought to prevent the defendants from asserting subrogation claims against the plaintiffs' settlement proceeds, sought "to do none of these things."  *Wurtz*, 761 F.3d at 242.  Accordingly, the Second Circuit held that the first prong of *Davila* was not met.

The Second Circuit then applied the second prong of *Davila*, which requires that no other independent legal duty is implicated by a defendant's actions.  The Second Circuit held that an

6

"independent legal duty arises from" NY GOL § 5-335, finding, "[t]he duty is independent because it is unrelated to whatever plaintiffs' ERISA plans provide about reimbursement." *Id.* at 243. As such, the Second Circuit held that the second prong of *Davila* was not met. As neither prong of *Davila* was satisfied, the Second Circuit held that the plaintiffs' claims were not preempted completely by ERISA.

Here, Schlesinger seeks the same relief under NY GOL § 5-335 sought by the plaintiffs in *Wurtz*, a declaration to prevent subrogation claims against her tort settlement proceeds. For the same reasons articulated in *Wurtz*, her claims do not satisfy either part of the *Davila* test. First, she could not have brought her claims under ERISA § 502(a)(1)(B), and second, there is another independent legal duty implicated by her claims arising from NY GOL § 5-335. As her claims are not preempted completely by ERISA, they do not give rise to federal question jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for remand is granted. Accordingly, this case is remanded to the Supreme Court of the State of New York, Kings County under Index No. 7694/2014.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2020

                                                    /s/
                                          DORA L. IRIZARRY
                                          United States District Judge